# Hillel I. Parness

(C) 646-526-8261 • (O) 212-447-5299
Parness Law Firm, PLLC • www.hiplaw.com • hip@hiplaw.com
136 Madison Avenue, 6th Floor • New York, New York  10016

**VIA ECF**

September 22, 2016

Hon. Valerie Caproni, U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Hon. Jed S. Rakoff, U.S. District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Hon. Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   MDB L.L.C. v. Hussain, No. 1:14-cv-09281 (VEC)(SN)
>       Held & Hines LLP v. Hussain, No. 1:16-cv-05273 (JSR)(SN)

Dear Judges Caproni, Rakoff and Netburn:

Earlier this morning, I wrote to Your Honors (MDB Dkt. 197, Held & Hines Dkt. 16), advising you of the fact that the parties in the MDB action had settled the case without notice to or consultation with Held & Hines LLP, who hold a charging lien in that case granted by Judge Netburn (MDB Dkt. 163).

Shortly thereafter, Russell E. Adler, counsel to counterclaim defendants MDB and Ryan Slack, filed a letter of his own (MDB Dkt. 198, a copy of which is attached hereto).  In that letter, Mr. Adler freely admitted that the settlement involved some sort of consideration, and that the consideration had already been transferred, presumably from his clients to Ms. Hussain.  This is critical, as Ms. Hussain has already admitted that she owes my client 30% of that consideration, plus unpaid expenses, and attorney's fees, all of which are subject to the charging lien.

Mr. Adler goes on to defend his actions, writing: "to the extent the Held & Hines firm has any liens, such liens concern Ms. Hussain's settlement proceeds, and do not operate to prevent or interfere with the parties' ability to resolve this action."

Hon. Valerie Caproni, Hon. Jed S. Rakoff, Hon. Sarah Netburn
September 22, 2016

This statement is directly contrary to New York law, which holds that in such circumstances, a defendant is not permitted to make a settlement payment to a plaintiff when he or she knows that plaintiff's attorneys (or former attorneys) hold a lien on the proceeds, and if defendant <u>does</u> make such a payment, it gives rise to a cause of action by plaintiff's lawyers <u>against defendant</u>.

The New York Court of Appeals explained the principle over 100 years ago:

> [I]f the defendant pays over to the client without providing for the lien of the attorney, he violates the rights of the latter and must stand the consequences. We think that the plaintiff had a lien upon the sum which the defendant agreed to pay to extinguish the cause of action, and that the law will not permit it to say that it has nothing in its hands to satisfy it.

<u>Fischer-Hansen v. Brooklyn H. R. Co</u>., 173 N.Y. 492, 502 (1903). The First Department more recently elaborated on this same principle:

> Clearly, the City had notice of plaintiff's lien. Its attorney, Mr. Levi, knew about the Schneider firm's involvement and claims in the Mills action, even advising them of the failure to include them in the compromise order. When it paid Jordan and Frederick the full $ 218,000 attorneys' fees portion of the settlement, it did so at the risk of being sued by the Schneider firm for its share of the award. As aptly stated by the Second Department, "a defendant who has knowledge of a plaintiff's attorney's lien is under an affirmative duty to protect the lien, and if he fails to do so, he is liable for the reasonable value of that attorney's services to his client".

<u>Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York</u>, 302 A.D.2d 183, 190 (1st Dept. 2002) (quoting <u>Sehlmeyer v Universal Oven Co</u>., 118 A.D.2d 692, 694 (2d Dept. 1986)). Mr. Adler appears to have admitted to violating the principles set forth above. It appears that MDB, Ryan Stark, Sandy Hussain and their attorneys have knowingly conspired to preclude my client from receiving any proceeds of the settlement in partial satisfaction of their charging lien.

We respectfully reiterate and revise our request for relief as follows: (i) that the Court order the parties to the <u>MDB</u> matter to provide us immediately with the Settlement Agreement; (ii) that the consideration already distributed be frozen and transferred to my attorney escrow account; and (iii) that the Court refrain from So Ordering the Stipulation of Dismissal in the <u>MDB</u> matter until these issues are resolved, whether by way of a settlement conference before Judge Netburn or otherwise.

2

Hon. Valerie Caproni, Hon. Jed S. Rakoff, Hon. Sarah Netburn
September 22, 2016

                                                Respectfully submitted,

                                                Hillel I. Parness

Attachment

cc:      Counsel of Record (via ECF)
         Ms. Sandy Hussain (via email)

# THE LAW OFFICES OF RUSSELL E. ADLER PLLC
## LABOR AND EMPLOYMENT LAW   ADVOCACY, ADVICE & COUNSEL
### WWW.RADLERLAWPLLC.COM

370 LEXINGTON AVENUE, SUITE 1012                                      212.867.9711
NEW YORK, NEW YORK 10017                                   RUSS@RADLERLAWPLLC.COM

September 22, 2016

<u>Via ECF</u>

Hon. Valerie E. Caproni, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 443
New York, New York 10007

      Re:    MDB LLC d/b/a GreenPearl Events v. Hussain
                14-CV-9281 (VEC)

Dear Judge Caproni:

      I am writing in response to this morning's letter motion from Mr. Parness, counsel for Held & Hines in the matter *Held & Hines LLP v. Hussain*, 16-CV-5273 (JSR)(SN).

      Yesterday I submitted the parties' fully-executed Stipulation of Dismissal with the request that Your Honor So-Order the Stipulation with respect to the parties' request that Your Honor retain jurisdiction as to the settlement agreement. The settlement agreement, as is common in resolved actions, was designated as confidential by the parties. Your Honor has repeatedly urged the parties to resolve this action and I am pleased to report we have done so.

      First, to the extent any relief is warranted, I respectfully submit that the issue should be presented to Judge Rakoff who presides over the dispute between Held Hines and Ms. Hussain. Second, to the extent the Held & Hines firm has any liens, such liens concern Ms. Hussain's settlement proceeds, and do not operate to prevent or interfere with the parties' ability to resolve this action. Third, the settlement consideration was transferred prior to receipt of Mr. Parness' letter last evening (and even if that was not the case, the lien would not prevent GreenPearl and Slack from transmitting any consideration). Finally, I note that Mr. Parness' communication referenced in his letter was last evening at 6:42 pm and he filed his letter via ECF at 9:00 am. This is hardly a good faith effort to address this issue.

      In sum, I respectfully request that Your Honor deny the requested relief, direct the parties to address their dispute with Judge Rakoff, and that the Court So-Order the Stipulation allowing Ms. Hussain, GreenPearl and Mr. Slack to put this matter behind them.

                                            Respectfully submitted,

                                            Russell E. Adler

cc:    All counsel of record via ECF