UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------x
HELD & HINES, LLP,                         :
                                           :
                                           :
        Plaintiff,                         :
                                           :
        -v-                                :
                                           :
SANDY HUSSAIN,                             :
                                           :
                                           :
        Defendant.                         :
-----------------------------------------------x

JED S. RAKOFF, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/19

16 Civ. 5273 (JSR)

ORDER

On August 7, 2019, the Honorable Sarah Netburn, United

States Magistrate Judge, issued a Report and Recommendation in

the above-captioned matter recommending $286,656.01 in quantum

meruit damages, comprising $272,811 in attorney's fees and

$13,845.01 in expenses. Objections to the Report and

Recommendation were due on August 21, 2019, but the Court

subsequently extended this deadline to September 12, 2019. On

that day, both parties submitted objections to the Report and

Recommendation.

The Court has reviewed the objections and the underlying

record de novo. Having done so, the Court finds itself in near-

complete agreement with Magistrate Judge Netburn's excellent

Report and Recommendation and finds most of the objections

1

| Name | Experience | Reduced Hourly Billing Rate | Proposed Hours Expended | Reduced Hours Expended | Fees Awarded |
|------|-----------|-----------|-----------|-----------|-----------|
| Marc Held | Partner | $400 | 575.03 | 345.02 | $138,007.20 |
| Philip Hines | Partner | $400 | 167.20 | 100.32 | $40,128.00 |
| Scott Richman | Associate | $250 | 751.53 | 450.92 | $112,729.50 |
| Fred Seth Rosenberg | Associate | $250 | 194.75 | 116.85 | $29,212.50 |
| Eric Rodriguez | Legal Assistant | $100 | 63.00 | 50.40 | $5,040.00 |
| Jesmine DeJesus | Legal Assistant | $100 | 13.00 | 10.40 | $1,040.00 |
| **Subtotal** | | | | | $326,157.20 |
| **Expenses** | | | | | $13,845.01 |
| **Total** | | | | | **$340,002.21** |

Second, the Court agrees with Held & Hines that it is entitled to pre-judgment interest. Held & Hines included such a demand in both its complaint and in its proposed findings of fact and conclusions of law in the instant damages inquiry, see ECF Nos. 1 & 124. At least two courts in this district have previously held that, since an action for damages in quantum meruit is essentially an action at law for breach of contract, "a discharged attorney seeking compensation in quantum meruit is entitled to interest on any recovery from the date of discharge." *Hampshire Grp. Ltd. v. Scott James Co.*, No. 14-cv-2637, 2015 WL 5306232 at *18 n.15 (S.D.N.Y. July 27, 2015)

meritless. Nevertheless, the Court is persuaded by two of the plaintiff's objections to increase the damages award somewhat.

First, the Court believes that an across-the-board reduction of plaintiff Held & Hines's hours by 50% is somewhat excessive. The Court recognizes that 50% is within the range of percentage reductions that courts in this district commonly apply to inflated applications for attorneys' fees, see Report & Recommendation at 17-18, and the Court certainly believes that a substantial reduction is appropriate given the Report and Recommendation's finding that vague billing entries, overstaffing, inappropriate block billing, and implausible billing entries by Held & Hines accounted, conservatively, for about 50% of its time. The Court is sympathetic, however, to plaintiff's argument that an across-the-board 50% reduction would, in effect, resolve all of the disputed hours in defendant's favor. To account for the likelihood that a small proportion of these questionable billing entries were, in fact, legitimate, the Court will instead cut Held & Hines's attorney's hours by 40% across the board.[1] The revised damages calculation, accordingly, is as follows:

---

[1] The Court adopts the Report and Recommendation's conclusion that Held & Hines's paralegal hours should be cut by 20%.

2

(quoting *Dweck Law Firm, L.L.P. v. Mann*, 03-cv-8967, 2004 WL 1794486 at \*3 (S.D.N.Y. Aug. 11, 2004)).

Accordingly, the Court hereby grants in part and denies in part H&H's motion for quantum meruit damages. Held & Hines is awarded $326,157.20 in attorneys' fees and $13,845.01 in expenses, plus pre-judgment interest from the date of the termination of the representation, April 15, 2016, in the amount of $105,663.56. The Clerk is instructed to enter judgment and close this case.

SO ORDERED.

Dated:    New York, NY

September 27, 2019                    JED S. RAKOFF, U.S.D.J.